Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2447 | **DATE** | 7/2/2003 |
| **CASE TITLE** | CATALINA MARKETING INTERNATIONAL vs. COOLSAVINGS.COM, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Catalina's motion to dismiss is granted. Coolsavings' counterclaim is dismissed without prejudice. Catalina's motion to strike affirmative defenses is granted in part and denied in part. Coolsavings' third and sixth affirmative defenses are stricken. Coolsavings is given leave to file amended affirmative defense(s) and counterclaim within fourteen days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JUL 03 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 186 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 03 JUL -2 PM 7:03 | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 0 3 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATALINA MARKETING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> COOLSAVINGS.COM, INC.; COOLSAVINGS, INC.; LANDMARK COMMUNICATIONS, INC.; and LANDMARK VENTURES VII, LLC, <br><br> Defendants. | No. 00 C 2447 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Catalina Marketing International ("Catalina"), filed suit against the Defendants, alleging patent infringement. In April 2003, Defendants, Coolsavings.com, Inc. and Coolsavings, Inc. (collectively "Coolsavings"), filed their answer to Catalina's Amended and Supplemental Complaint, including multiple affirmative defenses and a counterclaim. Catalina seeks to dismiss the counterclaim for failure to state a claim and to strike several of the affirmative defenses.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to

hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Allegations of inequitable conduct must be pled with particularity as required by Federal Rules of Civil Procedure 9(b). *See Videojet Sys. Inter., Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998) (*Videojet*). This requires pleading the "who, where, when, and what" of the alleged inequitable conduct, along with a general allegation of intent to deceive the Patent and Trademark Office. *See Videojet*, 14 F. Supp. 2d at 1049.

In its counterclaim, Coolsavings alleges that:

> By reason of inequitable conduct during prosecution of the application that resulted in the issuance of the '041 patent, rendering the '041 patent unenforceable, including (i) intentionally withholding material information from the U.S. patent and Trademark Office and (ii) affirmatively misrepresenting material facts to the U.S. Patent and Trademark Office, the '041 patent is unenforceable.
> Specifically, the inventors of the '041 patent failed to disclose to the Patent and Trademark Office various "on-sale" and "public use" activities involving the subject matter claimed in the '041 patent.

The above allegations of the counterclaim fail to adequately plead inequitable conduct as required by Rule 9(b). The pleading fails to sufficiently identify the "when" and "what" of the inequitable conduct, as well as an allegation of intent to deceive the Patent and Trademark Office. Accordingly, Coolsavings' counterclaim is dismissed without prejudice.[1]

Catalina also seeks to strike several of Coolsavings' affirmative defenses.

---

[1] Catalina's argument that Coolsavings should not be allowed to replead its counterclaim is without merit. The merits of Coolsavings' counterclaim are not to be decided at the pleading stage, and Catalina has been aware of this counterclaim for several years as it was pled in the original response in 1999. Catalina did not move to dismiss or strike the allegation until the amended answer was filed.

2

Federal Rules of Civil Procedure 8(c) requires a party to set forth affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (*Heller*). Such motions are generally granted only when the affirmative defenses are "patently defective and could not succeed under any circumstances." *Mobey v. Kelly Kean Nissan, Inc.*, 864 F.Supp. 726, 732 (N.D.Ill. 1993).

Affirmative defenses, as pleadings, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294. Therefore, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. Proc. 8(a). The allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. Narrated facts with bare legal conclusions are not sufficient. *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D.Ill. 2000).

Catalina seeks to strike Coolsavings' third affirmative defense, which is nearly identical to its counterclaim. Coolsavings' third affirmative defense lacks the same sufficient pleading as the counterclaim. Accordingly, Coolsavings' third affirmative defense is stricken.

Catalina seeks to strike Coolsavings' fifth affirmative defense, which alleges that Catalina is estopped from construing the claims differently than it previously construed the claims in a previous case, *Catalina Marketing Inter. v. Inter\*Act Sys., Inc.* Catalina seeks to strike the affirmative defense on the merits, not the sufficiency of the pleading. Such argument is premature. Accordingly, the motion to strike Coolsavings' fifth affirmative defense is denied.

Catalina seeks to strike Coolsavings' sixth affirmative defense, which states that Coolsavings reserves the right to raise additional affirmative defenses as it becomes aware of additional information. This is an improper affirmative defense. It is not listed in Rule 8(c) as an affirmative defense; and, pursuant to Rule 15(a), only the courts may grant leave to amend pleadings. Accordingly, this affirmative defense is stricken with prejudice.

For the foregoing reasons, Catalina's Motion to Dismiss is granted. Coolsavings' counterclaim is dismissed without prejudice. Catalina's Motion to Strike Affirmative Defenses is granted in part and denied in part. Coolsavings' third and sixth affirmative defenses are stricken. Coolsavings is given leave to file amended affirmative defense(s) and counterclaim within fourteen days of this Order.

Dated: July 2, 2003

JOHN W. DARRAH
United States District Judge