# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2447 | **DATE** | 2/4/2004 |
| **CASE TITLE** | Catalina Marketing Intl vs. Coolsavings.com, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants motions for an award of attorney fees [198-1], [199-1] are denied. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATALINA MARKETING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> COOLSAVINGS.COM, INC.; COOLSAVINGS, INC.; LANDMARK COMMUNICATIONS, INC.; and LANDMARK VENTURES VII, LLC, <br><br> Defendants. | No. 00 C 2447 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Catalina Marketing International ("Catalina") filed a patent infringement suit against Defendants, Coolsavings.com, Inc. and Coolsavings, Inc. (collectively "Coolsavings"). Subsequently, Catalina amended their complaint and added Defendants Landmark Communications, Inc. ("Communications") and Landmark Ventures VII, Inc. ("Ventures")(collectively "Landmark"). Landmark was subsequently dismissed for lack of personal jurisdiction and final judgment of non-infringement was entered on August 8, 2003. Defendants have moved for an award of attorney's fees pursuant to 35 U.S.C. § 285.

A brief summary of the history of the litigation is necessary to the analysis of the Defendants' motions.

Catalina filed its complaint for infringement of the Lemon-Kelly Patent against Coolsavings in Florida in November 1999. In April 2000, the case was transferred to this Court. That same

month, Coolsavings served its first set of requests for documents and things on Catalina. Catalina served its responses in May 2000.

In August 2000, Coolsavings filed a Motion for Summary Judgment of Noninfringement. In March 2001, this Court granted Coolsavings' Motion for Summary Judgment of Noninfringement. Catalina appealed that ruling; and, in May 20002, the Federal Circuit affirmed in part, reversed in part, vacated in part, and remanded the case.

Upon returning to this Court, the parties engaged in settlement discussions and engaged a private mediator. Following an unsuccessful settlement discussion with a magistrate judge in October 2002, this Court entered a scheduling order that included a period of time during which Catalina was entitled to discovery on the relationship between Coolsavings and Landmark. In December 2002, Catalina moved to amend its complaint to add Landmark as defendants. In February 2003, Catalina was granted leave to file an amended complaint. Following the filing of the amended complaint, Landmark moved to have the case dismissed for lack of personal jurisdiction. In July 2003, Landmark was dismissed for lack of personal jurisdiction. Catalina appealed the dismissal of Landmark that same month.

In February 2003, Coolsavings' Motion to Compel, in which it sought, in part, documents related to a previous case involving Catalina and the Lemon-Kelly Patent, was granted. In April 2003, a *Markman* hearing was held. In June 2003, this Court issued its construction of the disputed terms. On August 8, 2003, this Court entered the parties' Agreed Final Judgment and Dismissal Order. Catalina appealed the claim construction on September 4, 2003.

Both Coolsavings and Landmark have moved for attorneys' fees pursuant to 35 U.S.C. §285. Section 285 of Title 35 provides that a district court "in exceptional cases may award reasonable

attorney's fees to the prevailing party." An award of fees is a two-step process. First, the court must find that the case is an "exceptional case". If the court determines an exceptional case exists, it then, in its discretion, must decide whether to award attorney's fees. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1365 (Fed. Cir. 1990) (*Badalamenti*).

The party seeking an exceptional case status has the burden of proving that its case is exceptional by clear and convincing evidence. *Badalamenti*, 896 F.2d at 1364. Circumstances that support a finding of an exceptional case include inequitable conduct in the procurement of a patent, willful infringement, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit. *Standard Oil Co. v. American Cynamid Co.*, 774 F.2d 448, 455 (7th Cir. 1985). A frivolous infringement suit is one in which the patentee knew or, on reasonable investigation, should have known was baseless. An inference of bad faith may be found through wrongful intent, recklessness, or gross negligence. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990).

Catalina first argues that both Coolsavings' and Landmark's motion for attorneys' fees should be denied because the parties failed to comply with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3(d).

Federal Rule of Civil Procedure 54(d)(2) provides, in pertinent part, that "[u]nless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment." The fourteen-day requirement of Rule 54(d)(2)(B), however, is preceded by Local Rule 54.3, which extends the time to file a motion for fees to ninety days. *See Johnson v. Lafayette Fire Fighters Assoc.*, 51 F.3d 726, 730 (7th Cir. 1995). Accordingly, Defendants' motions are timely.

Catalina also argues that Defendants failed to comply with subsections (d) and (e) of Local Rule 54.3, which require a pre-motion conference between the parties in an attempt to agree on the amount of fees and the filing of a joint statement concerning any disputes of the parties. However, Local Rule 54.3(b) provides that the court may require the parties to comply with the procedures set forth in the Local Rule as a post-filing rather than a pre-filing procedure. Such a procedure is applicable to the instant case because the determination of whether the parties are to be awarded any fees pursuant to 35 U.S.C. § 285 prior to requiring the parties to attempt to agree on the amount of such fees is clearly more efficient.

Catalina argues that Landmark is not entitled to fees because it is not a prevailing party. To be a "prevailing party," one must receive at least some relief on the merits that alters the legal relationship of the parties. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603-06 (2001) (*Buckhannon*). Enforceable judgments on the merits and court-ordered consent decrees are examples of an alteration in the legal relationship between the parties. *See Buckhannon*, 532 U.S. at 605. A party is not a "prevailing party" simply because it has achieved its desired result. *See Buckhannon*, 532 U.S. at 600, 605.

Here, Landmark was dismissed for lack of personal jurisdiction. No decision of the merits of the case was determined by this Court. Instead, this Court held that Catalina could not bring its suit against Landmark in this Court. The legal relationship between the parties and the alleged infringement was not altered by this Court's ruling. Catalina is free to file suit, making identical allegations, in another court. Accordingly, Landmark was not a prevailing party. *See Lichtenheld v. Juniper Features, Ltd.*, 1996 WL 685443 (N.D. Ill. Nov. 21, 1996) (dismissal for lack of personal jurisdiction does not make a party a prevailing party).

Assuming arguendo, that Landmark was a "prevailing party," Landmark is still not entitled to fees because it has failed to establish the instant case was an exceptional case.

Landmark argues that the case is exceptional because Catalina failed to adequately investigate whether personal jurisdiction existed before filing its amended complaint. However, a review of Catalina's arguments, and the justification for such arguments, that Catalina made in opposition to Landmark's Motion to Dismiss, while ultimately rejected by this Court, demonstrate that Catalina had investigated the relationship between Landmark and Coolsavings. Landmark has failed to show by clear and convincing evidence that by adding Landmark as defendants, Catalina engaged in misconduct during litigation, filed vexatious or unjustified litigation, or filed a frivolous suit.

Coolsavings argues that this case is exceptional because Catalina knew or should have known that, when the claims were construed, the accused Coolsavings system did not infringe the Lemon-Kelly Patent because Catalina's own expert from previous litigation construed the disputed limitations the same as Coolsavings had construed the limitations and that such construction demonstrated no infringement. Coolsavings made a similar argument in the claim construction proceedings of the instant case. However, this Court found that Catalina did not make any relevant or admissible adoptive or judicial admissions as to the previous claim interpretations. Catalina also defended its changed claim construction citing what it contended were changes in the law that required the claim construction to be revised. Furthermore, Catalina advanced several arguments, supported by appropriate case law, in support of its claim construction and was successful in many of its arguments. Coolsavings has failed to demonstrate by clear and convincing evidence that Catalina's claim construction was so unreasonable or unjustified to constitute a showing of vexatious or unjustified litigation.

Coolsavings also argues that Catalina's delay in producing the documents from previous litigation and the addition of Landmark as defendants demonstrate that this is an exceptional case. However, Catalina's delay in producing the documents from the previous litigation that supported Coolsavings' claim construction does not constitute misconduct during the litigation that rises to the level of an exceptional case. The delay in producing the documents, while not excused, was extended in light of the history of the case and the parties' attempt to settle. In addition, the documents that were produced were later found not to be relevant or admissible. Lastly, as discussed above, Catalina's attempt to add Landmark as defendants did not constitute misconduct during the litigation.

Based on the above, the Defendants have failed to show by clear and convincing evidence that Catalina engaged in misconduct during litigation, undertook vexatious or unjustified litigation, or filed a frivolous suit. Accordingly, Defendants' motions for an award of attorneys' fees are denied.

Dated: February 5, 2004

JOHN W. DARRAH
United States District Judge